

# THE ATTORNEY GENERAL
## OF TEXAS

AUSTIN 11, TEXAS

WAGGONER CARR
ATTORNEY GENERAL

October 13, 1965

Honorable Naomi Harney
County Attorney
Potter County
Amarillo, Texas

Opinion No. C-524

Re: Whether Article 108a, V.C.S.,
applies to (and thus requires
registration of) fertilizer
mixed to the order of the con-
sumer specifying a content of
less than a sum of 24% of nitro-
gen, phosphorus, and/or potas-
sium.

Dear Miss Harney:

You have requested the opinion of this office regarding
the above question. In this connection, you have furnished us
with the following facts:

"There is a program in this area whereby
the fertilizer distributor recommends that a
farmer determine soil deficiencies by having
a laboratory do a soil test. After receiving
the results, the farmer orders a mixture of
fertilizer containing elements mixed in pro-
portion to the recommendation of the testing
laboratory. The distributor mixes the ele-
ments in accordance with the farmer's order.
The ingredients used in the mixture are regis-
tered. In most instances, however, the result-
ing mixture will not meet the requirements of
Section 4, Subsection (e) /Article 108a, V.C.S.7
because it usually contains less than 24% nitro-
gen, phosphorus or potassium. The statutory
24% is not ordinarily recommended by the lab-
oratory and the mixture varies in all cases as
it is tailored to the land, area and crop of
the farmer ordering it."

In connection with the foregoing, it appears that the
following portions of Article 108a, Vernon's Civil Statutes,
are applicable:

"Sec. 2. The words and phrases as used in
and applicable to this Act, unless a different

meaning is plainly required by the context, shall have the following meaning:

". . .

"(4) The term 'commercial fertilizer' includes mixed fertilizer and/or fertilizer materials and any other substances, materials or elements or parts thereof, including but not limited to pesticides, intended for use or used as an ingredient or component of a mixture of materials which is used, designed, or represented for use or claimed to have value in promoting plant growth, except unprocessed, unpackaged and unmanipulated lime, limestone and gypsum. . . .

"(5) The term 'mixed fertilizer' means a solid or non-solid product which results from the combination, mixture, or simultaneous application of two or more fertilizer materials by a manufacturer, processor, mixer, or contractor, and shall include specialty fertilizers and manipulated manures, . . .

". . . .

"(7) The term 'specialty fertilizer' means a commercial fertilizer distributed primarily for nonfarm use, except the excreta of animals and plant remains and mixtures of such substances, for which no grade claims are made other than to identify the products, such as home gardens, lawns, shrubbery, flowers, golf courses, municipal parks, cemeteries, greenhouses and nurseries."

"Sec. 4. (a) Each brand and grade of commercial fertilizer shall be registered with the Director before being distributed in this state. . . .

". . .

"(e) Any mixed fertilizer in which the sum of the guarantees for nitrogen, phosphorus as available phosphoric acid and/or potassium as potash is less than twenty-four percent (24%), except manipulated manures, specialty fertilizers and commercial fertilizers sold only for their content of secondary components, shall not be registered in the state."

Inasmuch as there is no case law or prior Attorney General opinions on this particular question, we must be guided solely by the terms of the statute. We have a situation where the definitions, above quoted, squarely encompass the product that is being sold. When the distributor prepares the fertilizer in accordance with the directions of the soil laboratory, he is preparing and selling a "mixed fertilizer" as defined above. In accordance with Section 4(a) of Article 108a, Vernon's Civil Statutes, such a preparation must be registered in this State before distribution. Further, unless the chemical constituents of the fertilizer meet the minimums established in Section 4(e), the fertilizer may not be registered. There are certain exceptions to the minimum content requirements, but none of these are applicable in this instance. These exceptions relate to specialty fertilizers that are for non-farm uses, as defined in Sec. 2 (7) above, and to commercial fertilizers sold only for their content of secondary components.

In accordance with the foregoing, you are advised that it is the opinion of this office that the provisions of Article 108a, Vernon's Civil Statutes, apply to commercial fertilizers mixed to the order of the farmer. These mixed fertilizers must be registered prior to distribution, and they are not qualified for registration if their guaranteed minimum chemical content falls below the standards set by the statute.

## S U M M A R Y

The provisions of Article 108a, V.C.S., apply to commercial fertilizers mixed to the order of the farmer. These mixed fertilizers must be registered prior to distribution, and are not qualified for registration if their guaranteed minimum chemical content falls below the standards set by the statute.

Yours very truly,

WAGGONER CARR
Attorney General

By Malcolm L. Quick
Assistant

MLQ:ms

APPROVED:

OPINION COMMITTEE

W. V. Geppert, Chairman
Edward Moffett
John Fainter
Marietta Payne

APPROVED FOR THE ATTORNEY GENERAL
By:  T. B. Wright